The defendant appeals the denial of his motion for new trial after a jury convicted him of manslaughter and threatening to commit a crime.[2] We affirm.
The defendant's convictions stem from an argument between him and his wife that ended in her death after she jumped from a second-story window at their house. The two began arguing after the defendant's wife saw that he was exchanging text messages with a twenty year old female friend (witness) of his with whom he had shared a brief sexual relationship.
The basis for the defendant's motion for new trial was that the Commonwealth withheld exculpatory statements made to police by the witness.[3] Specifically, the defendant cited written statements the witness had given to a detective one week prior to trial that stated that she and the defendant had had a brief sexual relationship that lasted "until the night he got arrested." She further stated that she and the defendant were going to rent a hotel room the night his wife died, and that the defendant was planning to pick her up once his wife fell asleep. Her statement also indicated that the defendant and his wife had an "open relationship," which she believed was common knowledge among their acquaintances.
The defendant's motion for new trial was heard by the trial judge and asserted that the Commonwealth sought to portray the defendant as cold and heartless, exchanging text messages with the witness while his wife lay dying on the ground.[4] To this end, he asserts that the witness's statements to police had exculpatory value because: (1) they provided context to the Commonwealth's text message argument; and (2) they demonstrated that the text message he sent shortly after calling 911 was not initiated by him, but was in response to a message from the witness. He further contends that the witness's statements would have allowed the defendant to portray that night's events in a different light for the jury. The defendant further asserts that had he been in possession of the witness's statements, it would have refreshed his memory of their text messaging on the night in question and would have changed his testimony at trial.[5]
"Evidence is exculpatory if it 'provides some significant aid to the defendant's case, whether it furnishes corroboration of the defendant's story, calls into question a material, although not indispensable, element of the prosecution's version of the events, or challenges the credibility of a key prosecution witness.' " Commonwealth v. Watkins, 473 Mass. 222, 231 (2015), quoting from Commonwealth v. Daniels, 445 Mass. 392, 401-402 (2005). Three elements must be established "[t]o secure a new trial on the basis of exculpatory evidence." Commonwealth v. Murray, 461 Mass. 10, 19 (2011). "First, the evidence must have been in the possession, custody, or control of the prosecutor or a person subject to the prosecutor's control." Ibid. Second, "the defendant must establish that the evidence is exculpatory." Ibid. "Finally, after showing that the withheld evidence was potentially exculpatory, a defendant seeking a new trial must establish prejudice." Id. at 20-21.
The judge held, and we agree, that the statements made by the witness would not have exculpated the defendant and would not serve "to undermine confidence in the verdict," and denied the motion for new trial on those grounds.
We review the judge's denial of the defendant's motion for new trial "only to determine whether there has been a significant error of law or some other abuse of discretion." Commonwealth v. Grace, 397 Mass. 303, 307 (1986). In a case such as this where the motion judge was also the trial judge, we "extend [ ] special deference" to the judge's decision. Ibid. We discern no error of law in the judge's decision. We review, therefore, for an abuse of discretion to determine "whether the judge's decision resulted from 'a clear error of judgment in weighing the factors relevant to the decision ... such that the decision falls outside the range of reasonable alternatives.' " Commonwealth v. Kolenovic, 471 Mass. 664, 672 (2015), quoting from L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).
Having considered the case as a whole and afforded the judge's decision the appropriate deference, we agree that the evidence in question would not have exculpated the defendant and its absence does nothing to shake our confidence in the jury's verdicts. The defendant was aware that the witness existed and could potentially testify to that night's events; he was a party to the text-message conversation and testified about that conversation, and the contents of the witness's statements do not carry such exculpatory value as to undermine our confidence in the jury's verdict. The defendant relies on Commonwealth v. Tucceri, 412 Mass. 401 (1992), in asking us to reverse the judge's denial of his motion for new trial. In Tucceri, the victim of a violent attack described her attacker as clean-shaven and police witnesses testified that the defendant was clean-shaven when he was arrested on the day of the attack. See id. at 402. The defendant's wife, on the other hand, testified that he had a mustache at the time. See ibid. After the defendant was convicted, it was discovered that the Commonwealth withheld photographs taken of the defendant on the day of his arrest that showed him with a mustache. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 412. His motion for new trial was allowed and upheld on appeal because the photographs "cast[ ] doubt on the identification of the defendant as the attacker." Id. at 414.
In short, the defendant's argument that the witness's statements cast doubt on his conviction in a similar manner as the evidence in Tucceri fails. In Tucceri, supra, the evidence in question directly corroborated the defendant's theory of misidentification and fundamentally undermined the Commonwealth's case. On this record there is no reasonable comparison to be drawn between that withheld evidence and the Commonwealth's failure to provide the defendant with the witness's statements to police. That being said, we conclude that there are no grounds presented on appeal that would lead us to disturb the judge's denial of the defendant's motion for new trial. See Commonwealth v. Caillot, 449 Mass. 712, 724-725 (2007), quoting from Grace, 397 Mass. at 305-306.
Judgments affirmed.
Order denying motion for new trial affirmed.

The defendant also pleaded guilty to possession of a Class E controlled substance.

The defendant also argued several asserted instances of ineffective assistance of counsel in his motion for new trial which are not raised on appeal.

The prosecutor emphasized evidence that the defendant sent a text message to the witness eleven minutes after calling 911.

The defendant did not provide an affidavit indicating how his testimony would have differed, nor was there an affidavit filed from his trial counsel.